# EXHIBIT 1

# EXHIBIT 1

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
03/01/2022 12:28PM
BY: MMASTERS
DEPUTY

Case No.: S1100CV202200335
HON. THE HON JOSEPH R GEORGINI

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton – SBN 011565**
keithknowlton@msn.com

### IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| Harvey Kendrick,<br><br>    Plaintiff,<br><br>vs.<br><br>Correctional Officer Derek Massey and Jane Doe Massey, husband and wife; Correctional Officer Jeffrey Joubert and Jane Doe Joubert, husband and wife; Warden Bruno Stole; CoreCivic, Inc; State of Arizona; Individuals and/or Entities A through Z;<br><br>    Defendants. | COMPLAINT |

  Plaintiff Harvey Kendrick, as and for his Complaint against Defendants and each of them alleges as follows:

### GENERAL ALLEGATIONS

  1. Plaintiff Harvey Kendrick ("Harvey") at all times relevant to this complaint resided in Pinal County Arizona at the Red Rock Correctional Center located in Eloy Arizona.

  2. CoreCivic, Inc. ("CoreCivic") has a contract with the State of Arizona to manage and imprison inmates for the State of Arizona at the Red Rock Correctional Center and to hire, train and supervise correctional officers at said prison.

1

3. Bruno Stole, ("Stole") is the warden and chief executive officer of the Red Rock Correctional Center ("Warden") and caused events to occur in Pinal County out of which this complaint arose.

4. Correctional Officer Jeffrey Joubert ("Joubert") is an employee of CoreCivic at Red Rock Correctional Center and caused events to occur in Pinal County out of which this complaint arose.

5. Detention Officer Correctional Officer Derek Massey ("Massey") is an employee of CoreCivic at Red Rock Correctional Center and caused events to occur in Pinal County out of which this complaint arose.

6. State of Arizona. Pursuant to A.R.S. § 31-201.01 F, "any and all causes of action that may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state. Therefore, any and all tort claims Kendrick has against employees of the Arizona Department of Corrections ("ADOC") or prison officers (which term is undefined) can only be brought against the State of Arizona and not against the individual employees involved. Plaintiff believes that Joubert and Massey are not employees of ADOC, but are employees of CoreCivic which has a contract with ADOC to house inmates. Thus no Notice of Claim pursuant to A.R.S. § 12-821.01 is necessary and the State of Arizona has no liability for their actions. However, out of an abundance of caution, this notice of claim is being served on the State of Arizona to the extent the State of Arizona is liable for the acts of Joubert and Massey as prison officers.

7. Pursuant to A.R.S. §12-821.01, a Notice of Claim was timely filed on Defendants, including the State of Arizona.

8. The Spouse Defendants are married to the individual Defendants and their names are unknown at this time and the Complaint will be amended upon discovery of their names.

2

9. Upon information and belief, the individual Correction Officers and Warden acted within the course and scope of employment of CoreCivic and pursuant to contract with the Arizona Department of Corrections to benefit the marital community

10. This Court has jurisdiction and venue over this matter and the parties.

11. CoreCivic and/or the Warden are respondeat superior liable for the acts of its employees as set forth herein on Count One.

12. Individuals and/or Entities A-Z are unknown individuals who may be responsible for what happened to Plaintiff. Plaintiff will amend the complaint to include these individuals or entities within a reasonable time of discovery.

13. Plaintiff requests a jury trial.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates herein all allegations set forth in the preceding numbered paragraphs.

15. The facts set forth herein come from the Significant Incident Report ("SIR") number 21-02679 by Lt. Roberto Urena, which is incorporated herein by this reference. The following are facts set forth in the report and which are not disputable.

16. "On Wednesday March 3, 2021 Correctional Officers Jeffrey Joubert, and Derek Massey were working in Echo Unit Alpha # 2."

17. "Correctional Officers Joubert and Massey were escorting M81 Black Inmate Kendrick, Harvey ADC# 248576 from HUEA2·61L to the detention recreation yard [with his hands cuffed behind his back]."

18. "While walking down the stairs from the top tier of Echo Unit Alpha # 2 pod, Inmate Kendrick missed the fourth stair, and proceeded to fall down the stairs."

19. "Inmate Kendrick then began to complain of pain in his left shoulder and left side of his hip area."

3

20. "At approximately 0609 hours, Correctional Officer Joubert initiated the Incident Command System for an inmate who fell, requesting a medical response."

21. "Sergeant Jonathan Ayon who was on site assumed incident command."

22. "Medical staff arrived on site and began evaluating Inmate Kendrick."

23. "Captain Matthew Bresnick arrived on site, and medical advised Captain Bresnick that Inmate Kendrick's hand cuffs needed to be moved to the front of his body to further evaluate Inmate Kendrick."

24. "Captain Bresnick instructed Sergeant Ayon to remove the rand restraints to the front of Inmate Kendrick as medical staff requested Inmate Kendrick was loaded onto the gurney and taken to medical triage to further evaluate inmate Kendrick."

25. "While in Medical triage PA, Montgomery decided Inmate Kendrick needed further medical care from offsite medical providers to rule out fractures."

26. "Inmate Kendrick, who was in stable condition, was transported to Banner Casa Grande Medical Center via facility van with two armed staff members, exiting the facility at approximately 0712 hours."

27. "The Red Rock Control number is Unit# 2021-RRM83-070."

28. As a result of the fall down the cement stairs with his hands cuffed behind his back, Kendrick suffered the following physical injuries:

29. Torn rotator cuffs to both shoulders.

30. Muscular damage to lower back.

31. Torn muscle(s) to my hip.

32. Ligament damage to left knee and elbow.

33. Ligament damage to upper left leg area (groin and thigh.)

34. Noticeable atrophy to left leg.

35. To the extent CoreCivic, Joubert and Massey are not employees of the State of Arizona, Kendrick can receive punitive damages against CoreCivic, Joubert and/or Massey.

## COUNT ONE
## NEGLIGENCE/GROSS NEGLIGENCE

36. The allegations set forth above are fully incorporated herein by this reference.

37. Correction Officers Joubert and Massey (referred to collectively as "Correction Officers") owed Plaintiff a "duty of care to protect" him "from foreseeable harm."

38. All Correction Officers at Red Rock owed Plaintiff a constitutional Eight Amended Duty to not expose inmates to foreseeable and/or known risks of harm.

39. Plaintiff had a pre-existing medical condition that made it dangerous for him to go up and down stairs with his hand cuffed behind his back unescorted.

40. The risk of Plaintiff falling down the stairs was obvious and foreseeable if he was not properly escorted.

41. Defendants had the option of placing him in a lower bunk lower tier cell or assisting him up and down the stairs each time he had to negotiate the stairs because they knew it was a risk to his safety to have him in an upper tier cell which would require him to negotiate the stairs on a daily basis.

42. The Correction Officers were taking Plaintiff down a flight of stairs to recreation.

43. At the top of the stairs there is a narrowing which only allows on person at a time to go through the gate to the stairs.

44. The Correction Officers stayed behind Plaintiff, following him down the stairs.

45. Plaintiff lost his footing and the Correction Officers were not in a position to stop him from falling down the stairs and let him fall.

46. One of the officers needed to be in front and one behind to assure if he lost his footing he would not fall down the stairs.

5

47. Further there were two other unknown detention officers, one standing at the top of the stairs and one standing at the bottom of the stairs that could have been of assistance to assure Plaintiff safely made it down the stairs.

48. Defendants breached the duty owed to Plaintiff by forcing him to walk in front of them down the stairs, knowing the risk to his safety in doing this and not having an officer in front to make sure he did not fall down the stairs with enough officers behind him who could grab hold of him stopping him from falling.

49. The officer behind Plaintiff was large, not allowing two officers to hold on to Plaintiff and in the video, he lets go of Plaintiff allowing him to fall down the stairs.

50. The large correction officer should have been in front of Plaintiff with one to two officers behind him.

51. Defendants were callously indifferent to the risk of Plaintiff falling in the manner which they forced him to walk down the stairs with his hands cuffed behind his back.

52. Defendant Correction Officers proximately caused Plaintiff damage in an amount to be proven at trial.

53. Plaintiff suffered damages, including but not limited to physical injuries from the fall, fear as he fell, pain and suffering, unconsciousness and emotional distress.

54. Harvey injured rotator cuffs to both shoulders, muscular damage to lower back, torn muscle(s) to his hip, ligament damage to left knee and elbow, ligament damage to upper left leg area (groin and thigh.) and noticeable atrophy to left leg.

55. CoreCivic and/or the State of Arizona is respondeat superior liable for the acts of the Correction Officer employees as set forth herein.

**COUNT TWO**
**HIRING, RETENTION OR SUPERVISION**

6

56. Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

57. CoreCivic, the State of Arizona and/or Warden Bruno Stolc (hereafter referred to collectively as "CoreCivic") was negligent in the supervision of the tortuous and unconstitutional actions of the Corrections Officer Defendants and their supervisors as set forth in this complaint, which where all employees of CoreCivic, alternatively, Warden Bruno Stolc failed to properly train and supervise its employees.

58. Further, ColeCivic was negligent in permitting or failing to prevent the tortuous and unconstitutional acts set forth in this Complaint by the Correction Officer Defendants.

59. The Individual Defendants and their supervisors are not trained to assist inmates safely up and down stairs while handcuffed or to assure that the assignment of an inmate in an upper tier cell does not violate doctor's orders or which exposes the inmate to foreseeable and unnecessary risk of harm.

60. The CoreCivic system in place clearly was not adequate to protect the safety of the inmates at the facility.

61. Had the Correction Officers been properly trained and supervised the damage to Harvey could have been averted.

62. CoreCivic and the State of Arizona owes a duty to protect the inmates housed in their facility; this duty was grossly neglected and resulted in injury to Harvey.

63. CoreCivic has caused damage to Plaintiff in an amount to be proven at trial.

## COUNT THREE
### (42 U.S.C. § 1983)

64. Plaintiffs incorporate herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

7

65. Specifically, Plaintiff incorporates all the facts set forth above in the factual statement and preceding counts.

66. In committing the above referenced actions and/or omissions, the Correction Officers, and each of them individually, acted under color of state law and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Eighth Amended to the United States Constitution by being deliberately indifferent to the known medically caused risk of falling down stairs unless he was properly escorted in such a way as to assure if he lost his balance he would not fall.

67. The Eighth Amended is violated if there are circumstances indicating an evil intent, or recklessness or deliberate indifference to the consequences of conduct on those under the persons control or dependent upon him.

68. Corrections Officers have an Eighth Amendment duty to protect the personal security and safety of inmates.

69. Corrections Officials violate Eighth Amendment rights if they are deliberately indifferent to the detainee's personal security and safety.

70. Corrections Officers' deliberate indifference to the consequences of his conduct for those under his control and dependent upon him may support a claim for violation of an inmates constitutional rights under the Eighth Amendment rights under 42 U.S.C. § 1983.

71. Upon information and belief, at all times relevant to the complaint, Plaintiff was an inmate at the Red Rock Correctional Facility.

72. Particularly, the Correction Officers involved were deliberately indifferent to Plaintiff's known medical condition and disability when they placed him in an upper tier cell in violation of medical directive that required him to negotiate the stairs on a daily basis with assistance from Correction Officers to assure his safety.

73. The Correction Officers knew that it was unsafe for Plaintiff to negotiate the stairs with his medical condition and that there was a substantial risk of him falling as he did so with a substantial risk of serious harm occurring to him if he fell.

74. The Correction Officers were aware that Plaintiff was concerned about falling down the stairs if he had to go up and down the stairs and that he was not to be in an upper tier cell for that reason.

75. The Correction Officers knew it was unsafe for Plaintiff to walk down the stairs unassisted.

76. Based on the facts of this case, the reasonable inference is that the Correction Officers were both aware that Plaintiff was not to be in an upper tier cell and that Plaintiff needed assistance to negotiate the stairs from that cell

77. The Correction Officers with the knowledge had Plaintiff walk in front of them down the stairs without any officer in front or the officer behind holding onto his waist and when Plaintiff lost his footing he fell down the stairs as though he was totally unescorted, thereby violating Plaintiffs constitutional rights and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

78. The Correction Officers were deliberately indifferent to the risk of harm to Plaintiff of him going down the stairs without physical assistance from the Correction Officers.

79. The Correction Officer Defendants could and should have directed that he be moved to a lower tier cell or be escorted properly down the stairs each time.

80. The Correction Officer Defendants' actions were deliberately indifferent to Plaintiff's constitutional rights, his safety and his known medical condition that required him to go down the stairs properly escorted.

81. Pursuant to 42 U.S.C. § 1983, the Correction Officers are liable to and proximately caused the above described violations of Plaintiffs Constitutional rights.

82. The Correction Officers' actions have caused Plaintiff injury in an amount to be proven at trial, including but not limited to physical injuries and emotional distress.

83. Plaintiff is entitled to all rights, remedies, in law or in equity, available to them under 42 U.S.C. § 1983.

84. Plaintiff is entitled to recover his reasonable costs and attorney's fees under 42 U.S.C. § 1983.

85. Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against Defendants as follows:

1. For compensatory and consequential damages;

2. For attorneys' fees and costs;

3. For punitive damages; and

4. Such other and further relief as the Court feels is just under the circumstances.

DATED this 1st day of March, 2022.

KEITH M. KNOWLTON, L.L.C.

/s/ Keith Knowlton

By: _____
Keith M. Knowlton
Attorney for Plaintiff